NEW-YORK, Nov. 1810.

RICHARDS and others
v.
PORTER.

---

RICHARDS and others *against* PORTER, Sheriff, &c.

THIS was an action of trespass on the case, against the late sheriff of *Saratoga* county, for the *escape* of one *Philip Rykert*, who was in custody of the defendant, on *mesne* process, at the suit of the plaintiffs. The cause was tried at the *Saratoga* circuit, in *May*, 1810, before Mr. Justice *Van Ness*.

In *February*, 1807, *Daniel Bull*, then sheriff of *Saratoga* county, arrested *Rykert*, on a *capias ad respondendum*, at the suit of the plaintiffs, returnable in *May* term, 1807. *Rykert* was detained in custody by *Bull*, by virtue of the writ, until *March*, 1807, when *Bull* was removed from the office of sheriff, and *Porter*, the defendant, appointed in his stead. The writ was returned

*In February, 1807, a sheriff arrested a person on a copias ad resp. returnable in May term following, and the defendant was detained in custody, until March, 1807, when a new sheriff being appointed, the prisoner was assigned over by the old to the new sheriff; the writ, however, was returned by the old sheriff, cepi corpus in custodia. Soon after the assign-*ment of the prisoner, the new sheriff discharged him on his giving a bail-bond. The plaintiff had knowledge of the taking of the bail-bond ; but proceeded to judgment, and took out a *ca. sa.* which being returned *non est inv.* he brought an action against the new sheriff for an *escape;* and it was held, that as the new sheriff was bound to discharge the prisoner at any time before the return of the *capias ad resp.* on his tendering sufficient bail, he was not liable for an *escape.*

The old sheriff had no right to return the writ, after he was out of office, but should have delivered it to the new sheriff, with the assignment of the prisoner, so that the new sheriff might return it with his endorsement of the discharge of the defendant on bail, by which the plaintiff would have known the situation of the defendant. The new sheriff was not bound to give notice to the plaintiff, of his having let the defendant to bail.

Whether the new sheriff would be responsible in such a case, without a delivery of the writ to him by the old sheriff, *quære?*

NEW-YORK,
Nov. 1810.

RICHARDS and
others
v.
PORTER.

"cepi corpus in custodia," by *Bull;* and *Rykert* was duly assigned, with other prisoners, by *Bull* to *Porter.* The assignment was made about the 1st of *March,* 1807. About a fortnight after receiving the assignment of *Rykert,* the defendant, as sheriff of *Saratoga,* took a bailbond in his own name, from *Rykert* and another, which he deemed sufficient security, and let *Rykert* go at large, without the knowledge or consent of the plaintiffs, in that action, and without giving them any notice thereof.

The plaintiffs, in that action, proceeded against *Rykert,* and recovered a judgment against him in *August* term, 1808, for 354 dollars and 68 cents, damages ; upon which a *test. ca.·sa.* was issued, returnable in *August* term, 1808 ; and was returned "*non est,*" by *Bull,* who was then sheriff of the county ; having been reappointed to that office, on the removal of the defendant.

It was proved, that *Rykert* was insolvent.

The jury, by the direction of the judge, found a verdict for the plaintiffs, for six cents damages, and six cents costs, with leave for the plaintiffs to move for a new trial, on the above facts.

The cause was submitted to the court, without argument.

*Per Curiam.* The prisoner *Rykert* was entitled to his discharge from prison, at any time before the return day of the writ, on giving a bail-bond, with competent bail ; and the defendant, as sheriff, was bound to let him go, on receiving such a bond. (*Laws of N. Y.* vol. 1. p. 210.) Though the prisoner was turned over to the defendant by the former sheriff, that assignment could not affect his right to be discharged on bail. The defendant was not bound to give notice to the plaintiff of the act of taking a bail-bond, in any other way than by an endorsement upon the writ, and that was not delivered to him. The irregularity was in the old sheriff, in not handing

over the writ along with the assignment of the pri-
soner. He had no authority to return the writ after he
was out of office. He should have delivered it to his
successor, and the successor would or ought to have re-
turned the writ into court, with the former sheriff's re-
turn thereon, and his own endorsement, stating the fact
of having let the prisoner to bail. (2 *Roll. Abr.* 457. C.
1 *Bulst.* 70. *Dalton*, 516. 4 *East*, 604.) This would have
been the regular course, and then the plaintiffs would have
had due notice of the condition of the party. It is to be
presumed from the case, that the writ was specified in
the indenture of assignment, as without such notice ; at
least, the defendant would not have been bound to take
or detain the prisoner. (*Dalton*, 15, 16. 3 *Co.* 71.)
Whether he was responsible for the prisoner, without
delivery of the writ, might also be a question ; but that
is not an essential point in this case ; for, if it be admit-
ted that the defendant was responsible, he did no more
than his duty in letting the prisoner to bail, and was
only bound afterwards to see that special bail was enter-
ed. As no bail was put in, the plaintiff proceeded to a
judgment under a mistake, and the judgment was erro-
neous. The defendant was not answerable at all for an
escape, for there was none while he had charge of the
prisoner. As, however, nominal damages only are re-
covered, the defendant makes no objection to the ver-
dict ; and the motion on the part of the plaintiff to set it
aside, ought to be denied.

Motion denied.