### KESLER *vs.* HAYNES & DORRELL.

A sheriff may accept a *replevin bond*, with only *one* surety, at his peril.
It is the duty of the clerk to enter the appearance of a defendant in replevin, on the writ being returned *summoned*.

THE defendants moved to set aside a default for not plead- August 4. ing, and all subsequent proceedings, for irregularity, on the ground that the *appearance* of the defendants had not been entered, the action being *replevin ;* and that the sheriff had made deliverance on the writ, when he had received a re- plevin bond with only *one* surety.

*J. Williams,* for defendants.

*M. T. Reynolds,* for plaintiff.

*By the Court* SAVAGE, Ch. J.   It was the duty of the clerk to have entered the appearance of the defendants on the writ being returned. 2 *R. S.* 528, § 34. The defendants cannot avail themselves of his omission ; nor can they object that the sheriff accepted a bond with but *one* surety. The statute, 2 *R. S.* 523, § 7, requires a bond with *sufficient* sure- ties *to be approved by the sheriff*, to be executed before the service of a writ of replevin. If he omits to take sufficient surety, he is responsible, but the proceedings are not irreg- ular.