BANK OF BUFFALO *vs.* BOUGHTON, impleaded, &c.

A *bond* executed by an officer to be relieved from arrest on an *attachment* issued against him for not returning an execution, where the penalty exceeds *one hundred dollars, is void,* if the attachment was issued *without an order fixing the amount* in which the party proceeded against should be held to bail.

*It seems* that in a declaration on such bond, it should be averred that the bond was ordered by the court to be delivered *to the plaintiffs* to be prosecuted; and that an averment that it was ordered *to be delivered up to be prosecuted,* without *naming* the plaintiffs or authorizing *them* to prosecute, would not be held sufficient on demurrer.

DEMURRER to declaration. The plaintiffs declared on a bond in the penal sum of $4000, executed to Tamerlane T. Roberts, *Sheriff of the county of Niagara,* conditioned that *George Reynale* should appear at the return of an *attachment* issued against him, for not returning an execution which had been delivered to him as late sheriff of Niagara to be executed, and abide such order as should be made in the premises. The plaintiffs averred that *Reynale* did not appear as required by the condition of the bond, that the bond

---

thereby became forfeited and that this court *ordered it to be delivered up to be prosecuted,* and that by virtue of such order, the bond, according to the form of the statute in such cases made and provided, *became* and was duly *assigned* to the plaintiffs. By means whereof an action accrued, &c. In the introductory part of the declaration, the plaintiffs stated that the rule for the attachment, was *entered in the common rule book* at the clerk's office at Geneva. The defendant *demurred* to the declaration.

*S. Stevens,* for the defendant.

*A. Taber,* for the plaintiff.

*By the Court,* COWEN, J. This attachment appears on the face of the declaration to have been issued *on a rule of course,* and without any special application to the court, and without any order fixing the amount in which the late sheriff was to be holden to bail, pursuant to 2 R. S. 442, § 6, 11, 2d ed. The 11th section expressly requires that when such an attachment issues, the party entitled to the writ shall procure an order from a judge or commissioner, directing the penalty of the bond; or, by section 15, id. p. 443, the defendant shall be discharged from arrest, on executing a bond in the penalty of $100. A previous statute in the same volume, p. 214, § 60, 2d ed. declares that no " sheriff, or other officer shall take any bond, obligation or security, by color of his office, in any other case or manner, than such as are provided by law ; and any such bond, obligation or security taken, otherwise than as herein directed, shall be void." The bond declared on, appears to have been taken by color of the sheriff's office, in a case other than such as is provided by law for so large a bond. It could not legally have been for more than 100 dollars. The declaration is therefore defective on general demurrer. *Love* v. *Palmer,* 7 Johns. R. 159. *Strong* v. *Tomkins,* 8 id. 98.

It is not necessary to consider the objection of the omission to show that any order was made to deliver this bond *to the plaintiffs,* to be prosecuted ; though it is quite doubtful whether this be not also a defect in substance. The

statute, 2 R. S. 444, § 27, declares that if the defendant does not appear at the return day, the court may order the bond to be prosecuted. Section 28 says, " such order shall operate as an assignment of the bond to *any aggrieved party* who shall be *authorized by the court* to prosecute, &c." This declaration does not state that the plaintiffs were either *named* in the rule, or in any way *authorized by the court* to prosecute. The rule comes in the place of a formal assignment, which must always name the assignee, or designate him in some way. The formal conclusion, whereby the bond became and was assigned to the plaintiffs, can not be received for any thing. The statute gives an effect to the rule which was unknown to the common law ; and a strict compliance with its provisions should be shown. Clearly the declaration would be bad for not doing so upon a special demurrer; and I incline to think a general demurrer ; for it does not show enough from which we are driven necessarily to infer, even by way of argument, that this court authorized the *plaintiffs* to sue. The rule might have been in favor of their assignees. I am of the opinion that the defendant is entitled to judgment.

The CHIEF JUSTICE and Mr. JUSTICE BRONSON concurred on the first ground taken by Mr. Justice Cowen, viz. that there was no right to take the bond.

Judgment for defendant.