## MORTON & CANDA *vs.* CAMPBELL, Sheriff, &c.

A bond, taken by a public officer in a case which the law prescribes, and with the condition which it requires, is not void as given in a manner not authorized by law, because it was given by one surety, only, when the law requires two.

Thus a bond taken by the sheriff, on the arrest of a defendant upon an attachment issued in supplementary proceedings, with only one surety, is not within the purview of the statute prohibiting the taking of any bond, &c. by a sheriff or other officer *colore officii* in any other case or manner than such as are provided by law.

Such a bond is not utterly void as forbidden by statute, or taken corruptly *colore officii*. It is irregular, and the plaintiffs are not bound to receive it.

Morton *v.* Campbell.

If they refuse to receive it, they may hold the sheriff for an escape of the prisoner.

But if the plaintiff, on the failure of the defendant to appear, obtains an order for the assignment to him of the bond, and for the issuing of a further attachment, but fails to issue the same, and the defendant is surrendered by his bail, and is discharged, the plaintiff will be held to have waived the irregularities of the sheriff's proceedings, and adopted his acts and the security which he had taken, at least so far as to excuse him from liability for an escape.

APPEAL from a judgment entered at a special term, after a trial at the circuit, before the court, without a jury. The action was brought against the defendant, as sheriff of King's county, for not holding a defendant to bail on an attachment issued by order of the county judge, in proceedings supplementary to execution in an action brought by Morton & Canda (the plaintiffs herein) against one Seth B. Cole. On the trial the following facts were found by the judge: That such judgment was recovered by the plaintiffs against Seth B. Cole, as was stated in the complaint, and that all the matters alleged in the complaint were true. That upon the arrest of the said Seth B. Cole, under and by virtue of the attachment referred to in the said complaint, and before the return day thereof, the defendant took and received a bond from him with one surety only, and no more, in the penalty of $1000, with a condition thereto that if the said Seth B. Cole should appear in his proper person before the judge by whom the said attachment was issued, on the return day thereof, and abide the order and judgment of the court thereupon, then the said bond was to be void; that the execution of the said bond by the surety was duly proved, and his affidavit showing his sufficiency as surety was annexed thereto. That the bond was returned by the defendant to the said judge on the 17th day of June, 1861, in which, after reciting the issuing of the said attachment, the holding of the said Seth B. Cole to bail, his failure to appear and the production of the bond by the said sheriff, it was ordered that the defendant should assign the bond to the plaintiff,

and that a further attachment should issue against Cole; that this order was served on the defendant on the 18th day of July, 1861, by the attorney of the plaintiffs, together with notice of the entry thereof; that Cole surrendered himself to his bail, and was afterwards discharged on a writ of *habeas corpus*, on notice to the plaintiffs, but they did not appear nor take any part in the proceedings on such writ; that the plaintiffs were subsequently requested by the defendant to issue another attachment, pursuant to said order, but it was not done; that the defendant did not, at any time before the return day of the attachment so issued, execute a bond in the amount in which he was required to hold Cole to bail, with two sureties. Upon these facts the judge found and decided, as conclusions of law, that the defendant was not authorized to discharge Cole from arrest on said attachment, and that by his failure to appear on the return day thereof the defendant had become liable to the plaintiffs to the amount of their judgment, with interest, amounting in the whole to the sum of $1986.40, for which sum judgment was ordered, with costs.

The defendant appealed.

*Philip S. Crooke*, for the appellant.

*Britton & Ely*, for the respondents.

*By the Court*, EMOTT, J. The bond taken by the defendant as sheriff, upon the arrest of Seth B. Cole, was in all respects in conformity with the statute, except that it was executed by one surety only, instead of two. The theory of the present action is, that this bond was illegally taken "*colore officii*," and is altogether void. The statute (2 *R. S.* 286, § 66) enacts that no sheriff or other officer shall take any bond, obligation or security, by color of his office, in any other *case* or *manner* than such as are provided by law; and any such bond, obligation or security taken otherwise than

as herein directed, shall be void. The phrase "*colore officii*," says the author of *Termes de La Ley*, (*p.* 156,) is always taken in the worst sense, and signifies an act evilly done by the countenance of an office. At common law, and under the statute of 23 Henry IV. chap. 9, any instrument or agreement contemplating an act contrary to the duty of an officer, tending either to official oppression or to the injury of a plaintiff or party interested in the process, was uniformly held void. Such instruments were not allowed to avail the officer, either in his own defense or against the party from whom they were obtained. Thus an agreement in writing, with a bailiff holding mesne process, to put in bail on the return day or surrender the defendant's body, or pay the debt and costs, was held void because it was not given to the sheriff but to the bailiff, and was given for more than the law required. (*Rogers* v. *Reeves*, 1 *T. R.* 418.) So where a sheriff took a bond of indemnity for delivering up a prisoner whom he had then in custody in execution for a debt, the bond was held void. (*Plowd.* 60.) In this state the same doctrine has been affirmed in many cases, under statutes similar to the English acts of parliament. (7 *John.* 139. *Id.* 426. 1 *Cowen*, 46.) The section of the revised statutes which I have quoted is a re-enactment of this rule, and the cases under it have adhered to the principle. Thus, in *Webber's Ex'rs* v. *Blunt*, (19 *Wend.* 188,) a promise to indemnify a sheriff for discharging a prisoner under arrest upon attachment, was held void. In *Millard* v. *Canfield*, (5 *Wend.* 61,) it was held that bail or security taken by a constable for the appearance of a defendant, against whom the constable held a warrant from a justice in a civil action, was void, and that a deposit of money made with the person becoming security, in order to indemnify him, might be recovered back. These are some of the cases in which securities or agreements have been held void as contravening the statute, having been given in cases not allowed by law. So, also, bonds, undertakings or agreements in a manner not allowed or provided by law

are utterly void. This is the other case referred to in the statute. (2 *R. S.* 286, § 66.) Among instances of violations of this provision may be mentioned such as the following : A bond taken in a bastardy proceeding, conditioned not only as the statute requires for the indemnity of the town, &c. (1 *R. S.* 650,) but also for the payment of such sums for the support of the mother and child as the justice issuing the warrant and his associates, or the court of sessions, should direct, was held void. (*The People* v. *Meighan,* 1 *Hill,* 298.) So where an attachment had issued on a rule of course, and without any order fixing the amount of bail, and the sheriff had taken a bond in a penalty of $4000 on discharging the defendant, the bond was held void for the excessive penalty. (*Bank of Buffalo* v. *Boughton,* 21 *Wend.* 57.)

It is very clear in this case that the bond taken by the sheriff is not within the purview of the statute as taken in a case not allowed by law. The question is whether, although taken in a case which the law directs, and with the condition which it requires, it is void, as given in a manner not allowed by law, because it was given by one surety only, when the law requires two. There has been no authority cited to us which goes to such a length. In *Kesler* v. *Haynes,* (6 *Wend.* 547,) the court held that where a sheriff took a replevin bond with one surety, the proceedings were not even irregular so as to justify treating the defendant as in default. The statute of replevin is not as explicit as that of contempts, in regard to the number of sureties in the bonds which they respectively provide for; but the replevin act speaks of sureties in the plural, and implies that more than one is called for. In the present case the plaintiffs might have objected to the bond taken by the sheriff, and held him liable for an escape. But the proceeding of the sheriff in accepting one surety where he had a right to demand two, can hardly be said to come within either the letter or the spirit of the statute. It cannot be said to contemplate either the oppression of the defendant or the injury of the plaintiff in the process,

any more than would taking insufficient sureties in a similar case. The statute is designed to prevent the oppression of defendants or the willful injury of plaintiffs. When it speaks of the "*manner*" provided by law for any bond, obligation or security, it refers mainly, if not altogether, to the terms and conditions of the instrument—to an obligation which exacts either more or less than the law requires in a given case. In the language of Lord Kenyon in *Fuller* v. *Prest*, (7 *T. R.* 109,) an officer is not to be allowed to fix the price of his own indulgence, instead of complying with the provisions of the statute.

If this case had stood upon the action of the sheriff only, and if it appeared that he had discharged the prisoner upon a bond with one surety, and that the plaintiffs had done nothing to adopt his act, he might be liable for an escape. But the parties to an action may enter into agreements which are forbidden to officers holding the process, and may enforce such agreements. (*See Winter* v. *Kinney*, 1 *Comst.* 365, *and the cases there referred to.*) The bond taken in this case is not utterly void as forbidden by statute, or taken corruptly *colore officii*. It was irregular, and the plaintiffs were not bound to receive it. If they did not receive it, they might hold the sheriff, as I have said, for an escape of the prisoner. Whether the bond in such a case could be made at all available to the sheriff, is a question. But if the plaintiffs waived all objections to the bond on account of its having been given by one surety only, it would not lie with the obligors in the bond to dispute their obligation upon it. Of course they could not successfully do so unless their obligation was utterly void, and not when it is merely irregular, or even voidable.

After the sheriff, in the present case, had returned the attachment against Cole, and produced the bond which he had taken, Cole having failed to appear, the plaintiffs obtained an order for the assignment to them of the bond, and for the issuing of a farther attachment. After this, Cole was sur-

rendered by his bail, but the plaintiffs failed to issue their farther attachment and he was discharged.

I am of opinion that by these proceedings the plaintiffs waived the irregularities of the sheriff's proceedings, and adopted his acts and the security which he had taken, at least so far as to excuse him from liability for an escape.

The present judgment should be reversed, and there should be a new trial.(*a*)

All the judges concurred in this opinion.

Judgment reversed.

[DUTCHESS GENERAL TERM, May 12, 1862. *Emott, Brown, Scrugham* and *Lott,* Justices.]

(*a*) An undertaking for a bail bond, given to the sheriff by the defendant's attorney, being a mere nullity, as illegal, and contrary to stat. 23 Hen. VI, ch. 9, an application by the defendant to set it aside, and enter a common appearance, was discharged with costs, though the defendant was a feme covert. (*Lewis* v. *Knight,* 8 *Bing.* 271 ; 1 *M. & Scott,* 853 ; 1 *Dowl. P. C.* 261.)