## MORTON a. CAMPBELL.

*Supreme Court, Second District; General Term, Sept.,* 1862.

BAIL ON ATTACHMENT FOR CONTEMPT. — SHERIFF.— ESCAPE.— WAIVER.

A sheriff who lets a prisoner under an attachment for contempt go at large on his executing a bond with one surety, is liable for an escape.

A bond taken from a prisoner under an attachment for contempt, with one surety instead of two, is irregular, not void.

After the sheriff had become liable for an escape in taking an insufficient bond from a prisoner in contempt, the prosecutor took an assignment of the bond after breach of its condition, and also took an order for a further attachment, but failed to issue such further attachment, and the prisoner was surrendered by his bail.

*Held,* a waiver of the prosecutor's right of action against the sheriff.

Appeal from a judgment.

This was an action by John Morton and John M. Canda against Anthony F. Campbell, sheriff of Kings county, for not

holding a defendant to bail on an attachment issued, by the county judge of Kings, in supplementary proceedings. The plaintiffs had recovered a judgment against one Seth B. Cole for $1,838.75 ; supplementary proceedings were instituted against Cole, property disclosed, a receiver appointed, and Cole was directed to transfer his property to such receiver. Cole did not comply with this order, and proceedings were instituted to punish his disobedience as a contempt. An attachment was issued to the sheriff, requiring him to produce the body of Cole at a time and place specified, and bailable in $1,000. The sheriff apprehended Cole, and set him at large, on his executing a bond in $1,000, with one George Hall as sole surety.

Cole did not appear on the return of the attachment, whereupon plaintiffs took an order for an assignment of the bond, and that a further attachment issue. Cole subsequently surrendered himself, whereupon the plaintiffs were requested to issue a further attachment, but declined to do so ; the prisoner was thereafter released on habeas corpus.

The plaintiffs brought this action against the sheriff for an escape. The cause was tried before Mr. Justice Lott without a jury, and judgment was rendered for the plaintiffs for $1,986.40, besides costs. The defendant appealed.

*Philip S. Crooke,* for the appellant.—I. The bond is good, and can be enforced. A bond is not void for being signed by one surety. (Kesler *a.* Haynes, 6 *Wend.*, 547.) The plaintiff cannot object that the sheriff accepted a bond with but one surety. The statute requires a bond with sufficient sureties. The plaintiff cannot hold the sheriff liable for taking no bond, and the plaintiff having entered an order for assignment and alias attachment, he has waived any objection to the sufficiency of the bond. The objection taken to the bond is, that it is taken " *colore officii,*" and is void. The term " *colore officii*" is always taken in *malem partem.* (2 *E. D. Smith,* 503.) Again,—the plaintiff, for whose benefit it was taken, has ratified and adopted the act of the sheriff. He has become the sheriff's assignee, and the instrument is at all events available to him. (Winter *a.* Kinney, 1 *N. Y.,* 365 ; Armstrong *a.* Gowan, 6 *Cow.,* 465.) It is only in actions by the sheriff that such securities are held void, as taken *colore officii.* The act of a public officer exceed-

ing his lawful authority, may be adopted by the party for whose benefit it is done. (Farmers' Loan & Trust Co. *a.* Walworth, 1 *N. Y.*, 433.)

II. A bond is void, as *colore officii*, only where the sheriff has taken more than the law permitted. (2 *Rev. Stat.*, 286, § 59.) The objection does not apply where less is taken than the officer had a right to exact. (21 *Wend.*, 57; 1 *Hill*, 298; 23 *Wend.*, 606; 1 *N. Y.*, 365.) The order for assignment and leave to issue another attachment has exhausted the plaintiff's rights. He has a right to sue the bond. It is available to him, even if void in the hands of the sheriff. (1 *N. Y.*, 433.) He has the right to issue alias attachment.

III. The only liability imposed upon the sheriff, after the plaintiff has taken an assignment of the bond, is to an action on the case, for wilfully taking insufficient sureties. (2 *Rev. Stat.*, 539, § 32.) He cannot be proceeded against until after action, judgment, and execution against the parties to the bond. And then only in case the officer had reasonable grounds to doubt their sufficiency.

IV. The sheriff cannot be held liable for more than the amount in which bail was ordered, $1,000.

*Britton & Ely*, for the respondents.—I. The bond taken by the sheriff was not in compliance with the statute, in that it was executed by only one surety, and was for that reason void. (2 *Rev. Stat.*, 3 ed., 537, § 13; *Ib.*, 286, § 59; Bank of Buffalo *a.* Boughton, 21 *Wend.*, 57; People *a.* Meighan, 1 *Hill*, 298; Winter *a.* Kinney, 1 *N. Y.*, 365.) The sheriff must prepare the bond, and is responsible if it is defective. (2 *Rev. Stat.*, 3 ed., 539, §§ 16, 32.)

II. The assignment of bond to plaintiffs, by order of the court, did not release the sheriff from liability; a void bond cannot thus be rendered valid.

III. The order for a new attachment did not relieve the sheriff from his liability. The statute expressly gives the plaintiffs both rights. (2 *Rev. Stat.*, 3 ed., 539, § 27.)

IV. Neither were the plaintiffs estopped by the order for assignment and new attachment. 1. An estoppel is where one, by word or act, has designedly influenced another to do or not to do something, which, if he were permitted to deny, would

work some injury to the person so influenced. (Lawrence *a.* Brown, 5 *N. Y.*, 394; Farrell *a.* Higley, *Hill & D. Supp.*, 87; Griffith *a.* Beecher, 10 *Barb.*, 432; Ryerss *a.* Farwell, 9 *Ib.*, 615; Jewett *a.* Miller, 10 *N. Y.*, 402; Dezell *a.* Odell, 3 *Hill*, 215; Catlin *a.* Grote, 4 *E. D. Smith*, 296.) 2. The act of obtaining the order could at most have been but an admission that a valid bond had been taken, and admissions after an act never make an estoppel by relation back. (Pike *a.* Acker, *Hill & D. Supp.*, 90.) 3. Even the reaffirmance of a voidable contract is not conclusive, unless with full knowledge of the facts. If it were voidable, there is no evidence of any knowledge here. (Bronson *a.* Wyman, 8 *N. Y.*, 182–189.)

V. The damages are presumptively the amount of the judgment. (*Crocker on Sheriffs*, §§ 801, 856; Potter *a.* Lansing, 1 *Johns.*, 215; Patterson *a.* Westervelt, 17 *Wend.*, 543; 2 *Rev. Stat.*, 538, § 29.) 1. Cole's property, ordered to be conveyed, was worth much more than plaintiffs' judgment,—to wit, $7,000. 2. The county judge would fine Cole, when brought before him, for contempt, the amount of plaintiffs' damage through his contempt, and the costs of the proceedings, and enforce the same by imprisonment. (2 *Rev. Stat.*, 3 ed., 538, §§ 21, 23, 24; Lansing *a.* Easton, 7 *Paige*, 364; People *a.* Spalding, 2 *Ib.*, 326; People *a.* Compton, 1 *Duer*, 513.)

By THE COURT.*—EMOTT, J.—The bond taken by the defendant, as sheriff, upon the arrest of Seth B. Cole, was, in all respects, in conformity with the statute, except that it was executed by one surety only instead of two. The theory of the present action is, that such a bond was illegally taken *colore officii*, and is altogether void. The statute (2 *Rev. Stat.*, 286, § 66) enacts that "no sheriff or other officer shall take any bond, obligation, or security, by color of his office, in any other *case* or *manner* than such as are provided by law; and any such bond, obligation, or security, taken otherwise than as herein directed, shall be void." The phrase *colore officii*, says the author of "Termes de la Ley," p. 156, is always·taken in the worst sense, and signifies an act evilly done by the countenance of an office. At common law, and under the statute of 23 Henry VII., ch. 9, any instru-

---

* Present, BROWN, EMOTT, and SCRUGHAM, JJ.

ment or agreement contemplating an act contrary to the duty of an officer, tending either to official oppression, or to the injury of a plaintiff or party interested in the process, was uniformly held void. Such instruments were not allowed to avail the officer, either in his own defence or against the party from whom they were obtained. Thus an agreement in writing with a bailiff holding mesne process either to put in bail on the return-day, or surrender the defendant's body, or pay the debt and costs, was held void, because it was given for more than the law justified; to wit: the appearance of the party. (Rogers a. Reeves, 1 T. R., 418.) So where a sheriff took a bond of indemnity for delivering up a prisoner whom he had then in custody in execution for a debt, the bond was held void. (*Plowd.*, 60.) In this State the same doctrine has been affirmed in many cases, under statutes similar to the English Acts of Parliament. (7 *Johns.*, 139; *Ib.*, 426; 1 *Cow.*, 46.)

The section of the Revised Statutes which I have quoted, is a re-enactment of this rule, and the cases under it have adhered to the principle. Thus, in Webber's Executors a. Blunt (19 *Wend.*, 188), a promise to indemnify a sheriff for discharging a prisoner under arrest upon attachment, was held void. In Willard a. Canfield (5 *Ib.*, 61), it was held that bail or security taken by a constable for the appearance of a defendant, against whom the constable held a warrant from a justice in a civil action, was void, and that a deposit of money made with the person becoming security, to indemnify him, might be recovered back. These are some of the cases in which securities or agreements have been held void as contravening the statute, having been given in cases not allowed by law. So also bonds, undertakings, or agreements, made or taken in a manner not allowed or provided by law, are wholly void.

This is the other case referred to in the statute. (2 *Rev. Stat.*, 286, § 66.) Among instances of the violation of this provision may be mentioned such as the following: a bond taken in a bastardy proceeding, conditioned not only as the statute requires for the indemnity of the town, &c. (1 *Rev. Stat.*, 650), but also for the payment of such sums for the support of the mother and child as the justice issuing the warrant, or his associate in the Court of Sessions, should direct, was held utterly void. (People a. Meighan, 1 *Hill*, 298.) So where an attachment had issued on

a rule of course, and without any order fixing the amount of bail, and the sheriff had taken a bond in a penalty of $4,000 on discharging the defendant, the bond was held void for the excessive penalty. (Bank of Buffalo *a.* Boughton, 21 *Wend.*, 57.)

It is very clear in this case that the bond taken by the sheriff is not within the scope of the statute, as taken in a case not allowed by law. The question then arises, whether although taken in a case which the law directs, and with the condition which it requires, it was taken in a manner not allowed by the law and is utterly void, because it was given by one surety only, when the statute requires two. There has been no authority cited which goes to such a length. In Keeler *a.* Haynes (6 *Wend.*, 547), the court held that where a sheriff took a replevin bond with one surety the proceedings were not even irregular, so as to justify treating the defendant as in default. The Statute of Replevin is not quite as explicit as that of Contempts, in regard to the number of sureties in the bonds which they severally provide for ; but the Replevin Act speaks of sureties in the plural, which implies that more than one is called for. No doubt in the present case the plaintiffs might have objected to the bond taken by the sheriff, and held him liable for an escape. But the proceeding of the sheriff in accepting one surety where he ought to have demanded two, can hardly be said to come within either the letter or spirit of the statute. It cannot be said to contemplate either the oppression of the defendant or the injury of the plaintiffs in the process, any more than would taking insufficient sureties in a similar case. The statute is aimed at the oppression of the defendant, or the wilful injury of the plaintiff, where it speaks of the "manner" provided by law for any bond, obligation, or security, it refers mainly, if not altogether, to the terms and condition of the instrument, to an obligation which exacts either more or less than the law requires in a given case. In the language of Lord Kenyon, in Fuller *a.* Prut (7 *T. R.*, 109), an officer is not to be allowed to fix the price of his own indulgence, instead of complying with the provisions of the statute.

If this case had stood upon the action of the sheriff only, and if it appeared that he had discharged the prisoner upon a bond with one surety, and that the plaintiff had done nothing to adopt his act, no doubt he would be liable for an escape. But the

parties to an action may enter into agreements which are forbidden to officers holding their process, and may enforce such agreements. (Winter *a*. Kinney, 1 *N. Y.*, 365, and the cases there referred to.) The bond taken in this case is not utterly void as forbidden by statute, or taken corruptly *colore officii*. It was irregular, and the plaintiffs were not bound to receive it. If they did not receive it, they might have held the shêriff, as I have said, for an escape of the prisoner. Whether the bond in such a case could be made at all available to the sheriff is a question. But if the plaintiffs waived all objections to the bond on account of its having been given by one surety only, it would not lie with the obligors in the bond to dispute their obligation upon it. Of course they could not successfully do so, unless their obligation was already void, and not when it is merely irregular or even voidable.

After the sheriff in the present case had returned the attachment against Cole and produced the bond which he had taken, Cole having failed to appear, the plaintiffs obtained an order for the assignment to them of the bond, and for the issuing of a further attachment. After this, Cole was surrendered by his bail, but the plaintiffs failed to issue their further attachment, and he was discharged.

I am of the opinion that by these proceedings the plaintiffs waived the irregularities of the sheriff's proceedings, and accepted his acts and the security which he had taken, at least so far as to excuse him from liability for an escape.

The present judgment should be reversed, and there should be a new trial.