## SARAH L. ADEE, APPELLANT, *v.* GEORGE ADEE AND JAMES S. ADEE, EXECUTORS, ETC., RESPONDENTS.

*Bond taken by sheriff—when not void, as taken colore officii—Liability of estate of deceased surety.*

The sheriff having arrested a defendant, under an order of arrest requiring a bond for $1,000, with two sureties, took, at the request of the defendant's testator, and subject to the approval of plaintiff's attorneys, a bond in the penal sum of $2,000, with one surety only. The plaintiff's attorney having accepted the bond, the sheriff allowed the defendant to go at large.

The condition of the bond having been broken, *held*, that it was not void as taken *colore officii*, but was valid and enforceable against the estate of the deceased surety.

APPEAL by plaintiff from an order made at the Delaware Special Term, denying a motion made on a case and exceptions to set aside a nonsuit and for a new trial. The action was tried at the Delaware Circuit in June, 1875, and at the close of plaintiff's evidence she was nonsuited. In May, 1867, the above plaintiff left her husband, Augustus W. Adee, and commenced an action against him for a limited divorce, and on the twenty-first day of the same month her attorneys procured an order of arrest, which was

delivered to the sheriff to be executed, and which required him to arrest the said Augustus and hold him to bail in the sum of $1,000. The Code (§ 187) required in such case an undertaking executed by two or more sureties. On the twenty-third of the same month the sheriff arrested him in his dwelling-house, in Kortright Centre, in said county, and informed him that he must give bail, with two sureties, in the sum of $1,000, or go to jail. At his request, the sheriff went with him to his father's, who lived at the same place and near by, and Augustus stated to him thas he had been arrested by the sheriff, and that he wanted a bond, executed by two sureties, in the sum of $1,000. Stephen B. Adee, the father, said he was willing, and proposed to give the undertaking alone in the sum of $2,000, if the sheriff would take it. The sheriff did not consider that was legal, but agreed to take it and show it to the plaintiff's attorneys; and if they were satisfied, it would be all right. Stephen B. Adee executed the undertaking alone, in the sum of $2,000, and the sheriff released or discharged Augustus from custody, returned to Delhi, and notified plaintiff's attorneys; they said it was satisfactory. On the 21st day of April, 1874, plaintiff entered judgment in said action, and execution was issued; the defendant in such action having previously left the the State could not be found, and this action was commenced on the undertaking against the executors of Stephen B. Adee, the said Stephen having died before the breach of the undertaking.

*Gilbert & Maynard,* for the appellant. The undertaking in question bound the estate of Stephen B. Adee, although no actual breach occurred in his life-time, and an action can be maintained against his executors to recover for a breach occurring after his death. (3 R. S. [6th ed.], 123, § 2; 3 Redfield on Executors, 277, § 9; *Frederick* v. *Frederick,* 1 P. Wms., 710–721; *Hyde* v. *Skinner,* 2 id., 196, 197; Redfield on Executors, 274, § 5; Dayton's Surrogate, 486–555.) The undertaking was not void on the ground that it was taken by the sheriff *colore officii.* It was not executed to the sheriff, or taken upon his motion, but was voluntarily given, and at the earnest solicitation of the defendants' testator. (Tomlin Law Dic.; *Winter* v. *Kinney,* 1 Comst., 365; *Decker* v. *Judson,* 16 N, Y., 442; *Burrall* v. *Acker,* 23 Wend.,

# 48　　　　　　　　ADEE v. ADEE.

606; *Webber's Ex'rs* v. *Blunt*, 19 id., 188; *Morton* v. *Campbell*, 37 Barb., 179.) A party at whose suit an arrest is made, may take any security he pleases on discharging his debtor from arrest. (Voorhies' Code [10th ed.], 394; *Winter* v. *Kinney*, 1 N. Y., 368; *Decker* v. *Judson*, 16 id., 443; *Cadwell* v. *Colgate*, 7 Barb., 258, 259; *Morton* v. *Campbell*, 37 id., 184; *Armstrong* v. *Garrow*, 6 Cow., 465; *Burrall* v. *Acker*, 23 Wend., 606; *Ring* v. *Gibbs*, 26 id., 502; *Kavanagh* v. *Saunders*, 8 Greenl., 342.) The defendants are estopped from raising any questions as to the irregularity, invalidity, or illegality of this undertaking. (*Levi* v. *Dorn*, 28 How., 217; *Bowne* v. *Mellor*, 6 Hill, 496; *Coleman* v. *Bean*, 14 Abb., 38; *Bates* v. *Merrick*, 2 Hun, 568; *Chamberlin* v. *Applegate*, 2 id., 511; *Burroughs* v. *Turner*, 24 Wend., 275; *Gregory* v. *Levy*, 12 Barb., 610; *Morton* v. *Campbell*, 37 id., 179; *Fake* v *Whipple*, 39 id., 338; *Jarvis* v. *Sewell*, 40 id., 459; *Coleman* v. *Bean*, 32 How., 370; *Shaw* v. *Tobias*, 3 N. Y., 188; *Decker* v. *Judson*, 16 id., 439; *Egbert* v. *Darr*, 3 Watts & Serg., 517; *Morse* v. *Hodson*, 5 Mass., 314; *Holcrook* v. *Klenert*, 113 id., 268; *Clapp* v. *Guild*, 8 id., 152; *Ring* v. *Gibbs*, 26 Wend., 502.)

*George Adee*, for the respondents.

BOARDMAN, J.:

The plaintiff was nonsuited upon the ground that the undertaking was void in that it was taken by the sheriff *colore officii*, in violation of the provisions of the Code, and of the order of arrest under which he acted. The alleged wrongs consist in accepting a bond with one surety when the Code requires two, and in taking an undertaking in the sum of $2,000 when the order of arrest required bail in the sum of $1,000 only. We feel compelled to differ from the learned judge at Special Term, who held that this bond was taken by the sheriff *colore officii*. The evidence shows quite conclusively that the sheriff did not claim the right to take such a bond. He disclaimed such right. The bond was taken subject to the approval of plaintiff's attorneys, and at the urgent solicitation of defendants' testator. He was assured by the sheriff he had no right to take this bond, and if it was not satisfac-

tory to plaintiff's attorneys a bond, such as the Code and the order of arrest required, was to be given. Here is not the oppression, the corrupt use of official power, which will avoid the bond. (*Decker* v. *Judson*, 16 N. Y., 442; *Burrall* v. *Acker*,, 23 Wend., 606.) But this bond or undertaking was not taken to or for the benefit of the sheriff, but of the plaintiff in the action. As between the plaintiff and the defendant, or his surety, any kind of bond or agreement would suffice, if the same was good at common law. (*Decker* v. *Judson*, ante ; *Ring* v. *Gibbs*, 26 Wend., 502; *Morton* v. *Campbell*, 37 Barb., 179; *S. C.*, 14 Abb., 410, 415, 416; *Winter* v. *Kinney*, 1 N. Y., 365; *Shaw* v. *Tobias*, 3 id., 188.) The right of the plaintiff to imprison the defendant in that action, unless he gave bail, was undoubted. The defendants' testator, with full knowledge of the facts, in the absence of fraud, corruption, or deceit, voluntarily executed this undertaking to secure the release of the defendant in that action. By reason of the plaintiff's acceptance thereof, the release of the person arrested was accomplished. The plaintiff has accepted and relied upon such security, and defendants are estopped from setting up the invalidity of their testator's acts. (See authorities cited, ante; *Harrison* v. *Wilkin*, 69 N. Y., 413.) We fully concur with the learned judge that the representatives of the testator are bound by the undertaking, if valid. The obligation thereby assumed survived the death of the testator, although the right of action accrued only after his death, and his executors become liable as such for the damages suffered.

For the reasons given, the order denying a new trial must be reversed, the nonsuit set aside; and a new trial granted, with costs to abide event.

LEARNED, P. J., and WESTBROOK, J., concurred.

Order reversed, and nonsuit set aside; new trial granted; costs to abide event.