## MILLARD vs. CANFIELD.

A *constable* is not authorized, on an arrest by virtue of a warrant in a civil cause, to take security for the appearance of the defendant.

Where such security was taken, and $40 was deposited with the bail for his indemnity, and the money, by the connivance of the bail with the creditor, was levied upon by virtue of an execution, *it was held*, that an action of *trover* for the money might be sustained by the depositor against the bail after demand and refusal.

ERROR from the Onondaga common pleas. Canfield sued Millard in an action of *trover* for $40 in bank bills. The facts were these : Canfield was arrested by a constable on three warrants issued by a justice in civil suits commenced against him ; Millard became bail *to the constable* that Canfield would appear before the justice on a certain day, and stand trial in the three suits ; and to indemnify Millard for thus becoming bail, Canfield put into his hands $40, to be returned to him if he complied with the engagement entered into by Millard. After two of the suits were tried, Canfield demanded the money of Millard, who refused to deliver it up, and a second de-

mand was made after the third suit was tried.   After the tri-
als, Millard went with a plaintiff in one of the suits to the
store of such plaintiff, and there took from his pocket a wal-
let containing the money received by him of Canfield, and
laid the same on the counter; where it was levied upon by·
the constable who had served the warrants, by virtue of an
execution.   The evidence furnished strong presumption of
connivance between the creditor and Millard, though the con-
stable denied connivance.   The court charged the jury that
the contract between Canfield and Millard was void, and that
Canfield had a right to the money at any time when demand-
ed, even though such demand had been made prior to the
time when Canfield had agreed to appear before the justice;
and even if Millard had a special interest in the money, such
money could not be levied on by virtue of an execution
against Canfield.   The jury found for the plaintiff; on which
verdict judgment was entered.

*J. A. Spencer*, for plaintiff in error.   Money may be levied
on by execution.   12 *Johns. R.* 220.   *id.* 395.   If taking se-
curity by the constable was void, the contract between the
defendant and his bail was not so; the latter had a right to
retain the money until the conditions on which he received it
were performed.   12 *Mass. R.* 115.   *Dougl.* 470.   *Cowp.*
197, 200, 793.   *Bull. N. P.* 131, 2.

*C. P. Kirkland*, for defendant in error.   It was the duty of
the constable, on the arrest of the defendant, to have taken
him forthwith before the justice who issued the warrants.
*Statutes, vol.* 6, 281 *c.*   He was not authorized to take secu-
rity for the appearance of the defendant.   The security taken
was *colore officii*, and being unauthorized was void.   7 *Johns.
R.* 426.   8 *id.* 100.   15 *id.* 443.   The money having been
parted with *without* consideration, belonged to the depositor.
1 *Sel.* 72.   If the contract, as between the immediate parties
to it, be considered good, the conditions on which the money
was deposited having been fulfilled, the depositor was entitled
to it; and the connivance of Millard with the constable to
have the money levied on was a conversion of it.

*By the Court,* SAVAGE, Ch. J.　The act authorizing the proceeding by warrant does not justify the officer in taking security for the appearance of the defendant.　It is the officer's duty to take the defendant forthwith before the justice. He has no right to take security ; and such security, if taken, is void.　The law looks with jealousy upon officers taking securities in their official character, when not warranted by law.　7 *Johns.* R. 426.　8 *id.* 100.　The undertaking of Millard to the constable being void, there was no consideration for the deposit of $40.　Canfield was entitled to it at any moment, and the defendant Millard ought to have returned it to him when demanded ; his refusal to do so was a conversion.　Whether the money could be levied on is a question not necessary to be decided in this case.　There is strong reason to believe there was connivance between the creditor and Millard, though the constable denies it ; but whether so or not is immaterial : there was a conversion of the money, and the plaintiff below rightfully recovered.