Treat, C. J. Purcell sued out an attachment against Bogard, which was levied on a quantity of corn. Steele and Harness, as principals, with Bishop as surety, executed a forthcoming bond to the Sheriff, the condition of which, after reciting the issuing and levying ofthe attachment, and stating that Steele and Harness claimed to be the owners ofthe corn, is as follows: “Now if the said Ninian J. Steele and Andrew P. Harness fail to substantiate said claim, shall render up and have forthcoming the said property, attached as aforesaid, to answer the judgment which shall be rendered by the court, in the said suit instituted by the said John Purcell against the said Harrison H. Bogard, in the said county of Crawford, then, and in that case, this obligation to become void, otherwise to be and remain in full force and virtue.” Purcell recovered a judgment in the attachment suit; and, as assignee of the Sheriff, brought an action against Steele and Harness on the forthcoming bond. The declaration assigned for breach, that Steele and Harness did not substantiate their claim to the property, and did not surrender the same to the Sheriff to answer the judgment. The defendants pleaded that the corn, when levied on by the Sheriff, was their property. The court overruled a demurrer to the plea, and judgment was entered for the defendants. It is insisted by the defendants, that the declaration shows no cause of action, and, therefore, that the demurrer was properly overruled, without reference to the character of the plea. They contend, that the bond does not pursue the statute, and is, therefore, not assignable, so as to authorise the plaintiff to sue thereon in his own name. The 9th section of the 9th chapter of the Revised Statutes provides, that the officer serving an attachment, shall retain the -custody of the property attached, unless the person in whose possession the same may be found, shall enter into bond to the officer, conditioned that the property shall be forthcoming to answer the judgment that may be-rendered in-the suit; and the 10th section provides, if the bond be forfeited, that the officer may assign the same to the plaintiff, who may bring an action thereon in his own name. The bond in question complies with the requisitions of the Statute in all respects, except in the addition of the provision that the obligors may substantiate their claim to the property. Butl the insertion of this clause does not vitiate the bond, or change its legal effect. The rights of the parties would be precisely the same, if it was omitted. A bond pursuing the Statute exactly, would imply every thing that is contained in this instrument. The 21st section of the chapter before referred to, authorises any person, other than the defendant in the attachment, to interplead and claim the property attached, and, in such case, the court is required to direct a jury to be empannelled to inquire into the right of property. Under this section, the defendants- might have had their claim to the property investigated before the judgment was rendered against Bogard, or, at least, by interpleading before the judgment was entered, they might have avoided a forfeiture of the bond, until the right of property was determined. They had this right independent of the peculiar provision in the bond. The provision secures them no additional or greater right. It does not mean that the doctrine of the right of property, shall be a condition precedent to the forfeiture of the bond. Uor does it reser ve to the defendants the right to substantiate their claim to the pro¡> erty, in an action on the bond. If they had interpleaded in the attachment suit, and claimed the property, and the right had been ° found in their favor, the finding would have been a good excuse for not surrendering the property, and could have been pleaded in bar of an action in the bond. But, neglecting to interplead, and in that, way substantiate their claim, they were bound to deliver the property to the Sheriff, to answer the judgment recovered against Bogard. The declaration is good, and the plea is no sufficient answer to the breach assigned on the bond. "Whether the defendants may not still put the right of property in issue, in an action of trespass against the Sheriff or the plaintiff, for the seizure of the corn, is another question which does not now arise. The judgment of the Circuit Court must be reversed, with costs, and the cause remanded for further proceedings. Judgment reversed.