## SHEPPARD & MORGAN V. COLLINS.

1. BOND IN ATTACHMENT. An attachment defendant executed to the sheriff, after the levy of the writ upon property of sufficient value to satisfy the plaintiff's demand, a bond conditioned as follows : that the defendant "shall produce said goods in satisfaction of the judgment in said action, or pay such judgment as shall be rendered against them." *Held*, that the bond was valid, and that an action could be maintained for a breach thereof by the attachment plaintiff.

2. SAME. A bond is not invalid because not authorized by the statute. It will be good as a common law bond, when it does not contravene public policy, nor violate a statute.

3. SAME: PARTIES. An action may be maintained on a bond given to an officer for the security of any particular individual in the name of the person so secured, who has sustained an injury by the breach thereof.

*Appeal from Dubuque District Court.*

MONDAY, JANUARY 6, 1862.

PLAINTIFFS commenced their action and procured a writ of attachment against T. and J. Smith. The property attached was released, upon the defendants therein executing a bond signed by themselves and the present defendant and another as sureties, payable to the sheriff having the writ, conditioned that said Smiths "shall produce said goods in satisfaction of [the] judgment in said action or pay such judgment as may be rendered against them in said action." This action is now brought on this bond against Collins, one of the sureties. The points made and determined in the court below will appear from the opinion.

*Cooley & Roberts* for the appellants.

*O'Niel* and *Harvey* for the appellee.

WRIGHT, J.—It is clearly shown that the attachment issued, that the sheriff served the same and released the property; that plaintiffs recovered judgment against the Smiths; that an execution issued, was returned no property found; that the property attached had been demanded and was not forthcoming. The answer neither admits nor denies the avermentsof the petition, but professes ignorance.

The court charged the jury, that " the sheriff, in order to release property seized by him under a writ of attachment, can only exact the bond required by statute : this bond does not contain the conditions required by law, and is therefore void." The defendant asked an instruction to the effect, that plaintiffs could not recover on the bond without an assignment thereof by the sheriff, which was refused.

There was no error in refusing the instruction asked. By the Code, § 1693, it is expressly declared, that a bond given to an officer, intended for the security of any particular individual, may be sued in the name of any person so secured, who has sustained injury in consequence of a breach thereof.

II. The statute (§ 1896) provides, that property attached may be released if the defendant will give bond, conditioned: " That such property or its estimated value shall be delivered to the sheriff to satisfy any judgment which may be obtained against the defendant in the suit, within twenty days after the rendition thereof." It is admitted, and was at the time of taking the bond, that the property attached was more than sufficient in value to satisfy plaintiffs demand, or the judgment afterwards recovered. Was there such a

departure in its conditions from the requirements of the statute as to render the bond void? We think not.

While some of the reasoning adopted in the cases cited by counsel may sustain the ruling, we have found no case so like it in its actual facts as to furnish a reliable precedent, in holding the undertaking void. It is claimed that *Cole* v. *Parker*, 9 Iowa, 167, is in point and decisive of the question involved. We do not so understand it. There the bond was given "to induce the officer to omit levying his writ." It this case he did levy it. There it was found that he failed to discharge his duty, and that the bond given in consideration of this failure was void. Here there was no such failure, and the most that can be claimed is, that the bond is more onerous to the defendant than the statute prescribes, and therefore illegal from considerations of public policy. Of this we shall speak hereafter.

In *Winter* v. *Kinney*, 1 Comstock, 365, the agreement, if made with the officer and not the party to the action, was not only not warranted by any statute, but was directly in the face of the statute of New Jersey, where the arrest was made. The fact being found that it was made with the deputy sheriff, it was held to be unauthorized and void, otherwise not.

The same remark applies to *Millard* v. *Canfield*, 5 Wend. 61. There the law required the constable to take the party arrested forthwith before the justice, and he had no right or authority to take security for his appearance. In *Lowe* v. *Palmer*, 7 John., 159, the sheriff took a bond to indemnify him for all costs and damages on account of his not taking the debtor to prison, against whom he held a *ca sa.*; and this was held void upon the ground that it was taken for ease and favor, or by color of his office, in other form than that prescribed by statute. The court expressly found that it was taken as indemnity for an escape then in contemplation. *Strong* v. *Tompkins*, 8 John., 97, goes no

further than the preceding cases, and is based upon a statute exactly like that of New Jersey, copied from that of 23. Henry VI, c 9.

These are all the cases cited by counsel for appellee to which we have had access. That referred to as found in 1 Smith, N. Y., 414, *Morenge* v. *Edwards*, and said to be entirely parallel with this, is doubtless miscited, as we are unable to find any such case.

Let us now refer to some other cases and principles bearing upon the question involved, and see how it stands. Our statute does not prohibit the taking of a bond of any other form than that therein prescribed. No other form being prescribed, mere non-conformity will not vitiate, unless taken *colore officii*, contemplating indemnity for an act inconsistent with the duty of the officer, whereby either official oppression or injury to the plaintiff in the suit may result. "Color of office" is, when an act is evily done by the countenance of an officer; and is always taken in its worst sense, being grounded upon corruption, to which the office is a mere shadow or color. "There is a clear distinction between an act done by an officer *by virtue of his office,* and one done by *color of his office.* The first implies (as applied to security taken for instance) that it is lawful either by common law or statute; the second that it is unlawful and unauthorized, and that the legal right to take it is a mere color or pretense. (*Bunell* v. *Acker,* 23 Wend., 606; *Cole* v. *Parker, supra.*) Nor does it follow that a bond is necessarily invalid, though not authorized by statute. It will be good as a common law bond, where it does not contravene public policy, nor violate a statute, and be binding on the parties to it. *Barnes* v. *Webster,* 16 Mo. 258, and in *Morse* v. *Hodsden,* 5 Mass., 314; a case in principle very similar to the one before us, it is said that if the party (plaintiff in replevin) executes an informal bond, to obtain possession of goods, and the officer thereupon delivers the goods, the

defendant in replevin may accept it, and pursue his remedy at law upon it against the obligors, unless it is void by the common law or statute. There the condition was variant from that prescribed; and it was held that as the statute did not prohibit it, or declare any other form than the statutory one void, it should be upheld; and in *Waters* v. *Riley*, 2 Har. & Gill. 305, it was held that if the bond included every legal obligation imposed by the law, and afforded every defense given by it, it is sufficient, though variant from the form set out. A substantial departure from the requirement of the statute may render the bond void, as taken for matters not authorized by statute. Not so with a mere verbal departure. Not only so, but when by statute bonds taken in any other manner than therein prescribed are declared void; this does not reach those which are valid at common law, but only those which are taken *colore officii*, or under pretence of authority. (*Acker* v. *Bunell*, *supra*.) And so at common law it might be good in part, and void in part. In *Purcell* v. *State*, 12 Ill., 93, the bond was given by certain parties who claimed the property attached by the officer; and to the condition prescribed by statute, was superadded, that they were to substantiate their claim. It was held that this did not vitiate; that its legal effect was not changed, and that the several rights of the parties were the same, as if this condition had been omitted.

Now in this case it is admitted that the property attached was amply sufficient to satisfy plaintiffs debt. Where the statute speaks of the delivery of the estimated value of the property attached, to the sheriff, it means, not its value in other property, but in money. And the condition that the goods should be produced in satisfaction, or that the judgment should be paid, was no substantial departure from the bond that the sheriff had a right to exact. He was acting by virtue of his office. He did not omit any duty. The undertaking was voluntary, and in no respect more onerous

than the strict legal requirements, could work no injury to plaintiffs, violated no statute, and is valid. The words superadded might even be rejected as surplusage and the bond still be good. Without these the substance of the statute would be complied with. Surplusage does not vitiate.

Reversed.