## S. E. PADDOCK, RESPONDENT, *v.* R. D. HUME ET AL., APPELLANTS.

UNDERTAKING ON ARREST IN CIVIL ACTION—SURRENDER BY BONDSMEN.—
S., a non-resident, was arrested in a civil action brought by P. H. and another, executed a bond to S. for any judgment that he might recover against P. in the action. S. recovered judgment; but prior to such recovery, H. and his co-obligor surrendered P. in the manner provided by statute for a surrender on statutory undertakings: *Held*, that the allegation that the writing was a "bond or writing obligatory," describes an instrument under seal, which implies a consideration; that the fact that such instrument is not authorized by the statute does not necessarily make it invalid; that the surrender in question did not operate to discharge the obligors in the bond from liability thereon.

APPEAL from Multnomah County.

Paddock, the respondent, brought a civil action against one Shaeffer, a non-resident, and procured his arrest. The appellants, Hume and Herman, executed a bond conditioned that Shaeffer would pay any judgment that Paddock might recover in the action, whereupon Shaeffer was discharged from arrest. Paddock subsequently recovered judgment in the action. Before such judgment was rendered, Hume and Herman duly delivered to the proper officer a properly certified copy of the bond or undertaking as provided by statute in case of surrender under bail bonds, surrendered Shaeffer into the custody of the sheriff, and had an order entered discharging them from liability.

This action was brought by Paddock to recover from Hume and Herman, upon the bond or undertaking in question, the amount of the unsatisfied judgment against Shaeffer.

The complaint alleges that the obligation upon which the

action was brought is a "bond, undertaking or writing obligatory." The answer confesses the allegations of the complaint, and pleads the surrender in avoidance, which matter in avoidance is denied in the reply. The action was in justices' court. The respondent recovered judgment, and the appellants appealed to the circuit court. Upon the trial in the circuit court, the jury found for the appellants. Whereupon respondent filed a motion for judgment, notwithstanding the verdict, which motion was allowed and judgment rendered accordingly. From this judgment this appeal is taken.

*F. R. Strong,* for appellant:

The order exonerating the bail was a complete discharge of the defendants from all liability upon the undertaking. (Civ. Code, 129, secs. 110, 113; *Hume* v. *Norris,* 5 Or. 478.) It was an order of a court of competent jurisdiction, and can only be set aside by a writ of review, and cannot be impeached collaterally.

It is contended by the respondent that because the undertaking, in addition to what is required by the law, contains an undertaking to pay the amount of such judgment as should, in that action, be recovered against the defendant, Shaeffer, these defendants are still liable for the judgment as upon a common law bond for the judgment.

This is not a common law bond, nor is it an instrument known to the common law. It is purely a creation of the statute, and has no force except such as the statute gives it, and it must be construed with reference to the statute, the terms of which enter into and become a part of the obligation. (5 Or. 442; 2 Id. 318.)

There is no consideration for the undertaking to pay the judgment. All the benefit derived to the defendant in the action of *Paddock* v. *Shaeffer,* was release from arrest. This release he was fully entitled to on giving surety. He got no additional benefit by this extra stipulation, when Shaeffer was surrendered to the constable, who was in law the agent of the plaintiff, the plaintiff was in as good a

position as he was before he took the security for his appearance.

A bond at common law implied consideration. For this reason a bond defective, as a compliance with the statute, has been held binding as a common law obligation, but I find no instance where an unsealed instrument has been held to imply a consideration. A bail bond which imposes conditions more onerous than the law requires has been held void in 33 Geo. 37; 1 U. S. Dig. N. S. 99, sec. 2; Id. 125; Id. sec. 3; 2 Brevard (S. C.) 394; 4 U. S. Dig. 234; sec. 49; 15 Geo. 573; 15 U. S. Dig. 71, sec. 19; 3 Kelley (Geo.) 128; 8 U. S. Dig. 42, sec. 3.

It has also been held that where a bail bond recites immaterial or irrelevant matter, such recital will not vitiate the bond, but may be rejected as surplusage. (*State* v. *Adams*, 3 Head. 259.) Notwithstanding an absolute engagement expressed by the literal terms of a bond, the purpose of the law under which it is executed is sufficiently satisfied when that which the law regards as legal indemnity of the obligation is accomplished. (20 Minn. 196; *Ohio* v. *Findley et al.*, 10 Ohio, 51; *U. S.* v. *Hodson*, 10 Wall. 395.)

The insertion of an obligation to pay the judgment should be regarded as a mistake of the law. The parties not intending to bind themselves any further than was necessary to relieve the defendant from arrest. In such case the parties would not be bound by the bond to what they agreed to do, that was not required to attain the proposed end. (1 Pars. on Cont. 437.

*Caples & Mulkey*, for respondent:

The bond was voluntary on the part of the defendants, without any claim of fraud, and the plaintiff had a right to, and did rely on their agreement to pay the judgment. Parties are at liberty to make any contract they see fit that is not prohibited by statute or in violation of public policy, and this contract, instead of being prohibited by the statute, is expressly authorized. (Civ. Code, sec. 775.)

But it is contended, though no such defense is set up in the answer, that the undertaking not being in form required

by the statute is void. Such, however, is not the law. The bond is good between the parties as a contract. It does not follow that the bond is necessarily invalid, though not authorized by statute it will be good as a common law bond, when it does not contravene public policy nor violate a statute, and binding on the parties to it. (12 Iowa, 570; 23 Iowa, 21; 7 Bosw. 670; 13 Cal. 553; 17 Cal. 434; 16 Mo. 258; 5 Mass. 314; 12 Ill. 93; 16 B. Monroe, 556; 37 Barb. 179; 8 Ala. 466; 8 Barb. 340; 28 N. Y. 318; 7 Wend. 499; 21 Wend. 270.

By the Court, Prim, C. J.:

The circuit court having rendered judgment in favor of the plaintiff upon the pleadings, notwithstanding the verdict of the jury for the defendants, the correctness of the judgment can only be ascertained and determined from the state of the pleadings.

On looking into the pleadings we find that it is alleged in the complaint that defendants executed a "bond undertaking or writing obligatory," to the effect that said Shaeffer should be and appear at the trial in a certain civil action then pending in a certain justice's court between the plaintiff and said Shaeffer, and that said Shaeffer would pay any judgment that might be recovered against him in said action, and that in case said Shaeffer should fail so to do, the defendants would pay the amount of whatever judgment should be recovered by plaintiff against said Shaeffer in said action.

And it is further alleged that said plaintiff did recover a judgment against said Shaeffer for seventy-nine dollars, and twenty-one dollars and fifteen cents cost, which judgment said Shaeffer has wholly neglected and failed to pay. None of these allegations of the complaint having been denied in the answer of the defendants, they must all be treated as confessed under the rules of pleading adopted by our code. The defendants undertook to plead by way of avoidance that before they had become liable on their said undertaking, they had delivered into the hands of the constable for said precinct a copy of said undertaking, certified to by the

justice of the peace of said precinct; and at the same time and place had surrendered the said Shaeffer into the custody of said constable, in exoneration of their bail.

If the undertaking had been simply a statutory undertaking, this defense would have been available, but it is not. The code provides in such cases that "the defendants may give bail by causing a written undertaking to be executed in favor of the plaintiff to the effect that defendant shall at all times render himself amenable to the process of the court during the pendency of the action, and to such as may be issued to enforce the judgment of the court." (Civil Code, sec. 109.)

Thus it will be seen by the section just cited that there was no law requiring that the undertaking should contain any agreement on the part of defendants to pay the plaintiff whatever judgment he might recover against said Shaeffer in said action. Hence it is insisted by counsel on behalf of defendants that that part of the obligation should be disregarded and treated as void, for the want of any consideration to support it.

Neither the undertaking nor a copy thereof appears in the record; but it is alleged in the complaint to be a bond or writing obligatory, and this allegation not having been denied in the answer, must be treated as true.

A bond or writing obligatory implies an instrument under seal, and in that class of instruments a consideration is always implied in law. So far as the record discloses, this bond or writing obligatory was voluntarily executed by defendants, and we see no sound reason why it should not be treated as good at common law, and be enforced as such between the parties. (12 Iowa, 573; *Barnes* v. *Webster*, 16 Mo. 258; 5 Mass. 314; 23 Iowa, 21; 16 B. Monroe, 556.)

If the bond was executed without consideration or obtained by fraud or mistake, the defendants should have so pleaded in their answer. We are not aware of any law, either statutory or common, which prohibits one party from agreeing in writing to pay the debt of another, nor is such an agreement contrary to public policy. Such contracts are directly authorized by the statute. (Civil Code, sec.

775, subd. 2.) "Nor does it follow that a bond is necessarily invalid, though not authorized by the statute. It will be good as a common law bond, where it does not contravene public policy nor violate a statute, and be binding on the parties to it." (12 Iowa, 573.)

There being no error in the record, the judgment of the court below is affirmed.