MARCUS C. COOK AND OTHERS, RESPONDENTS, *v.* H. HOR-
WITZ AND OTHERS, APPELLANTS.

*Arrest in action of replevin — form of undertaking — when void.*

The defendant Horwitz having been arrested in an action brought to recover
   possession of personal property, an undertaking was given, conditioned that
   he should be at all times answerable to process, "and for the payment to the
   plaintiff of such sum as may, for any cause, be recovered against the defend-
   ant." Upon plaintiff's objection that the undertaking was not such as was
   required by section 211 of the Code, a new undertaking was given, condi-
   tioned for a return of the property as required by the Code. Plaintiff, having
   recovered a judgment, brought this action against the sureties to the first
   undertaking. *Held*, that, as it was not in the form required by the statutes,
   it was void, and could not be enforced.
*Semble*, that the second undertaking was valid ; and that, as it recited that Hor-
   witz had been arrested, the sureties were estopped from denying that he was
   under arrest and that the bond was given to release him therefrom.

APPEAL from a judgment in favor of the plaintiff, entered upon
the trial of this action by the court without a jury. This action
was brought against the defendant Horwitz to recover the
possession of certain personal property, and a requisition was
issued to the sheriff to take the same; and, upon his return
that the property could not be found by him, an order of
arrest was granted. The sheriff arrested Horwitz, and took
from him an undertaking, with sureties in the sum of $1,400,
conditioned "that H. Horwitz shall, at all times, render him-
self amenable to the process of said court during the pendancy of
this action, and to such as may be issued to enforce the judgment
therein, and for the payment to the plaintiffs of such sum as may
from any cause be recovered against the defendant." The attor-
ney for the plaintiff declined to accept this undertaking as suffi-
cient, because it was not in compliance with the statute (Code,
§ 211), and required the sheriff to procure from Horwitz a proper
undertaking. The sheriff required from Horwitz a proper under-
taking; and, in order to relieve himself from threatened re-arrest,
Horwitz furnished to the sheriff an undertaking, in conformity
with the requirement of the order of arrest and of the statute. A
recovery was had by the plaintiffs in the replevin suit, and a judg-

ment was entered therein. The present action was thereafter brought upon both these undertakings against all the parties who executed both. A demurrer to the complaint was interposed, which was overruled at Special Term; but on appeal sustained by the General Term, the opinion of the court thereon being reported in 10 Hun, p. 586. The plaintiffs then discontinued the action as against the defendant Japha, and served an amended complaint, setting out the first undertaking as cause of action. Upon this amended complaint and the answer, the action was tried before Justice PRATT without a jury; and a judgment entered in favor of the plaintiffs.

*John Berry,* for the appellants.

*Anthony Barrett* and *Charles J. Patterson,* for the respondents.

BARNARD, P. J.:

The defendant Horwitz was arrested by the sheriff of Kings county, under an order of arrest granted in an action to recover possession of certain personal property. The bail required was an undertaking, to the effect that the sureties were bound for the delivery to plaintiff of the property claimed in the action, if such delivery was adjudged; and for the payment to the plaintiff of such sum as might be recovered in the action against the defendant Horwitz. (Section 187 — 211 Old Code.)

The sheriff took a bond from the defendants, that Horwitz should be at all times answerable to process under section 187 of the Code then existing, " and for the payment to the plaintiff of such sum as may, for any cause, be recovered in the action."

The bond did not make the sureties bound for a return of the property by Horwitz, but did for amenability to process by him.

The plaintiff in the action objected to the bond, and the defendant Horwitz furnished another, and a correct undertaking from two sureties, according to section 211 above cited. After this second bond, and because the sureties were different, the plaintiff accepted from the sheriff the first undertaking as part of the security given. There was no agreement, directly or indirectly, between the sureties or the defendant Horwitz with the plaintiff.

The agreement with the sheriff, by which Horwitz was discharged from arrest upon the first undertaking, was void. (*Winter v. Kinney*, 1 N. Y. Rep., 365.)

The discharge from arrest was made upon condition other than those prescribed by statute, and the undertaking, taken as indemnity, was void.

The second undertaking was good. The release of defendant from arrest, if made by the sheriff, was merely, in law, a voluntary escape, and he might be re-taken. The second undertaking recites that the action is for claim and delivery of personal property; and that the defendant had been arrested under subdivision 3 of section 179 of the Code, and the sureties were estopped from denying an arrest to release the defendant, from which the undertaking was given. (*Decker v. Judson,* 16 N. Y., 439.)

The judgment should be reversed and a new trial granted, costs to abide event.

GILBERT and DYKMAN, JJ., concurred.

Judgment reversed and new trial granted, costs to abide event.