RIPLEY v. GEAR ET AL.

1. **Bond:** MISTAKE IN: LIABILITY OF SURETY. A mere mistake in the re-
cital of a bond, executed to secure the release of an attachment, whereby
the writ of attachment was stated to have issued from the Circuit Court
instead of the District Court, will not release the sureties from liability
on the bond.

*Appeal from Des Moines District Court.*

TUESDAY, JUNE 6.

THE plaintiff commenced an action in the District Court
of Des Moines county against one McCaw, for the collection
of rent, and caused a landlord's attachment to issue, which
was levied upon the property of McCaw. The defendants
herein, as sureties for McCaw, executed a delivery bond, and
thereupon the attached property was released. Judgment·
was afterwards rendered against McCaw and in favor of plaint-
iff for the rent claimed, and this action was brought to re-
cover of the defendants, as sureties in the bond, the amount
of the judgment against McCaw.

There was a trial to the court, without a jury, and judg-
ment was rendered for the plaintiff. Defendants appeal.

*Hedge & Blythe,* for appellants.

*J. & S. K. Tracy,* for appellee.

ROTHROCK, J.—The bond in question was conditioned as
follows: "The condition of this obligation is such, that,
whereas the said I. N. Ripley, as aforesaid, has
by virtue of a certain writ of attachment issued
from the office of the clerk of the Circuit Court
of Des Moines county, Iowa, in a suit therein pending,
wherein I. N. Ripley is plaintiff, and James McCaw is de-
fendant, levied upon and attached the personal property here-

inafter described as the property of the said, James McCaw. Now, if the said obligors shall and will deliver to the said William Schaffner, sheriff, or his successors in office, whenever the same may be called for, the following described personal property, to-wit: ' One soda fountain     *     *     then this obligation to be void     *     *     *  . "

It will be observed that the bond recites that the attachment was from, and the suit was pending in, the Circuit Court. The contention of counsel for appellants is, that they have the right to stand by the very letter of the bond, and that as no suit was pending in the Circuit Court, the bond is void. In our opinion this view of the obligation of the sureties is not well taken. This bond was given to release an attachment. The statute provides for a re-delivery to the officer from whose custody the property is taken. Code, § 2996. The sureties ought not to be allowed to effect a release of the property, and then excuse themselves upon the ground that the action was pending in a different court from that which their bond recites. The language of the bond is their language, and it is immaterial in what court the action was pending. They gave the bond to effect a specific purpose, which was to discharge the attached property. If they mistook the court in which the action was pending, the plaintiff should not be prejudiced by reason of such mistake.

Reference is made in argument by counsel for appellants to a number of authorities, which in substance holds the familiar doctrine that the liability of sureties is limited to the strict terms of their obligation, and that there can be no liability against them by implication. But in the case at bar the mistake does not affect their liability; it is a mere mistaken recital in a matter wholly immaterial to the obligation which the sureties took upon themselves.

                                        AFFIRMED.