J. C. PAINTER, Appellee, v. E. GIBSON *et al.*, Appellants.

1. **Landlord's Attachment**: DELIVERY BOND: VALIDITY. Although section 2996 of the Code, providing for the release of attached property by the execution of a delivery bond to the sheriff, is not applicable to landlord's attachments, yet where the defendant in such a proceeding, to secure the release of the attached property, has substituted his personal obligation in such form to return the property, or pay its estimated value to the sheriff, it will be held valid as a common law obligation.

2. ———: JUDGMENT: CONSTRUCTION: ACTION ON DELIVERY BOND: LIABILITY. A bond given for the release of property seized under a landlord's attachment, in an action against J. and E., was conditioned for the return of the property or its value to satisfy any judgment that might be rendered against E. only. A personal judgment in the attachment proceeding was rendered against J. alone, and it was ordered that "special execution issue therefor." In an action on the delivery bond, *held*, that the order for a special execution to issue should be construed as a judgment against E., and that he was liable thereunder for the value of the property released.

3. **Judgment**: ASSIGNMENT BY ATTORNEY: VALIDITY. Where an attorney, employed for the collection of a judgment of one who was not a party thereto, but who was liable for the amount thereof to the judgment creditor because of his action as sheriff in releasing attached property of the judgment debtor, procured a settlement of the judgment by assignment thereof to the sheriff, *held*, that, in the absence of proof to the contrary, authority to make the assignment would be presumed.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

MONDAY, MAY 15, 1893.

ACTION on a delivery bond given to release attached property. A verdict for the plaintiff was returned by direction of the court. From the judgment rendered thereon the defendants appeal.—*Affirmed.*

*E. H. Addison* and *Phillips & Harvison*, for appellants.

*Cummins & Wright,* for appellee.

ROBINSON, C. J.—At a time prior to August, 1887, one Gump leased to Trier & Trier a store building on Center street, in Des Moines, at the monthly rent of twenty-five dollars. The lessees took possession of the leased premises, but afterwards sold the stock of boots and shoes kept therein to Joseph Gibson. He occupied the premises for a time, and agreed in writing to pay the rent required by the lease. About the first of July, 1887, the defendant E. Gibson purchased of Joseph Gibson the goods which were then in a room on East Grand avenue. J. H. York had become the owner of the rights conferred upon Gump by the lease, and in August, 1887, commenced an action against Joseph Gibson and E. Gibson to recover rent due under the lease. York alleged in his petition that E. Gibson purchased the goods of Joseph Gibson while they were in the leased premises, and removed them to a room on East Grand avenue, where he was then selling them. A landlord's attachment was issued and levied upon the goods then in possession of E. Gibson. Thereupon he served a notice of ownership of the attached property upon York, and, the property not having been surrendered, executed to the plaintiff, who was then sheriff of Polk county, a bond, a copy of which is as follows:

"Know all men by these presents, that we, E. Gibson, as principal, and John Gibson, as surety, are held and firmly bound unto J. C. Painter, sheriff, in the penal sum of seven hundred dollars, for the payment of which sum, well and truly to be made unto the said J. C. Painter, we hereby severally and jointly bind ourselves," etc. "The condition of the above obligation is such that, whereas said J. H. York, as plaintiff, did on the thirteenth day of August, 1887, sue out of the office of the clerk of the district court a

*writ of attachment* against the property of *E. Gibson*,
as defendant; and, whereas J. C. Painter, sheriff of
Polk county, Iowa, by virtue of said writ, has attached
and levied upon the following property:   All the boots.
and shoes situated in the store room known as number
1000 on Grand avenue, in Des Moines, Iowa, property
of *E. Gibson*, defendant, and of the estimated value of
three hundred and fifty dollars; and, whereas E. Gib-
son has made an affidavit that he has an interest in
said property, and desires to have said property dis-
charged from said attachment and levy:  Now, there-
fore, if the said E. Gibson shall deliver said property,
or its estimated value, aforesaid, to said sheriff, *to*
*satisfy any judgment that may be rendered against said*
*defendant* in said suit within twenty days after rendi-
tion thereof, then this obligation to be void; otherwise
to remain in full force and virtue.   Witness our hand
this fifteenth day of August, 1887.

"E. GIBSON.

"JOHN GIBSON."

The bond was signed by the defendant John
Gibson, as surety.   It was accepted by the plaintiff,
and the attached property was released.   E. Gibson
appeared in the action, and filed a demurrer to the
petition therein.   It was sustained "so far as the
petition asks personal judgment against E. Gibson."
No other pleading was filed by him, and no personal
judgment was rendered against him.   The cause was
tried to a jury, which rendered a general verdict
against Joseph Gibson and in favor of York, and found
specially that the goods upon which the attachment
had been levied, to the amount of one hundred and
fourteen dollars, had been removed from the leased
premises in Center street.   Judgment was rendered on
the verdict as follows:   "It is therefore ordered and.
adjudged by the court that the plaintiff, J. H. York,
do have and recover of the said defendant, Joseph

Gibson, judgment for the sum of one hundred and forty-six dollars and twenty-five cents, with interest thereon at six per cent. per annum from this date, together with the costs taxed herein at ———— dollars, and that a special execution issue therefor." The attached property, which was released upon the giving of the bond, was never returned to the plaintiff, and the judgment against Joseph Gibson is unpaid.

I. The plaintiff claims to have purchased the judgment of York, and demands judgment in this action

1. LANDLORD'S attachment: delivery bond: validity.

for the value of the goods which the jury found had been removed from Center street. The defendants admit that E. Gibson has sold the attached property, which was returned to him, but deny all liability on the bond. They insist that the law in regard to landlords' attachments does not provide for a delivery bond; therefore that the plaintiff was not authorized to take the one in suit; that it provides for the return of the attached property, or its value, only to satisfy any judgment which may be rendered against E. Gibson; and that, as no judgment has been rendered against him, the condition of the bond is not broken. The defendants further claim that the plaintiff has not shown by competent evidence that he is the owner of the judgment in favor of York.

The statute in regard to landlords' attachments does not provide for the release of attached property by the giving of a delivery bond. It is the well settled law in this state, however, that a bond not provided for by statute may be valid as a common law obligation, if not in violation of a statute, nor contrary to public policy. That was the rule announced in *Garretson v. Reeder*, 23 Iowa, 22, which was a case involving a bond given to secure the release of property upon which a landlord's attachment had been levied, and the bond was held to be valid. See, also, *Sheppard v. Col-*

*lins,* 12 Iowa, 570. The parties to this action, in giving the bond in controversy, accepting it, and releasing the attached property, probably acted under the belief that section 2996 of the Code, in regard to general attachments, was applicable to their case. However that may be, the defendants secured the release of the attached property by giving the bond. They substituted their personal obligation to return the property, or pay its estimated value to the sheriff, to secure its release. They knew that it was held as security for the payment of rent alleged to be due, and that, if the allegations of the petition were true, the property was liable for the payment of the rent which should be found to be due.

II. It is true the bond did not contain the name of Joseph Gibson, but it was given in an action to

2. ——: judg-ment: con-struction: ac-tion on deliv-ery bond: liability.

which he was a party, to release property which was liable for the payment of the rent which he owed. The defendants must be held to have known the claims made by York in his petition, and to have given the bond with knowledge of his interest in the property if his claim was well founded.

The special finding of the jury, and the judgment which was rendered, show that the property released, to the value of one hundred and fourteen dollars, was liable for the payment of the judgment. So far as it related to the attached property, the judgment was not so full and complete as it might well have been, but it directed that a special execution issue for the payment of the amount of York's recovery. That direction could only refer to the property attached in that action. The record before us justifies the con-clusion that all the property attached was released on the giving of the bond in suit. It is true that con-clusion is denied by the appellants, but the denial is based upon a recital contained in the written assign-

ment of the judgment to the plaintiff. That recital is to the effect that judgment was rendered against a portion of the property released, not that only a portion of the goods attached were released. No judgment was rendered in favor of E. Gibson for any of the property in controversy, the ruling on the demurrer only going to the extent of holding him discharged from personal liability for the payment of the rent. The averments of the petition to the effect that the property attached was subject to a lien for the rent due York were not denied by E. Gibson, and a judgment, as against him, holding such property to be subject to the attachment, was authorized. We are of the opinion that the judgment rendered, so far as it directed a special execution to issue, should be construed to be a judgment against E. Gibson, within the meaning and intent of the bond in suit. Our conclusion is sustained by the opinion in *Garretson v. Reeder, supra.* See, also, *Ripley v. Gear*, 58 Iowa, 460.

III. The assignment of the judgment, under which the plaintiff claims, was executed in the name of York, by his attorney. It is claimed that authority for the attorney to execute the assignment was not shown. There is no direct proof of such authority, but it sufficiently appears that York claimed that the plaintiff was liable to him for having released the attached property on an insufficient bond without authority of law, and that he proposed to bring suit to enforce his claim. The plaintiff was advised by his attorneys that he was liable to York, and in settlement he paid to the attorney to whom the matter had been intrusted by York for adjustment the sum of one hundred and thirty-one dollars and twenty cents, and received the assignment in return. We think that, under these circumstances, the attorney must be presumed to have

**3. JUDGMENT:** assignment by attorney: validity.

had authority to execute the assignment, in the absence of proof to the contrary. It is not shown that the amount paid was not the full amount of the claim made by York against the plaintiff. The transfer of the judgment appears to have been a legitimate and proper means of accomplishing the settlement demanded by York, and therefore within the scope of the apparent power of his attorney. We find no cause for disturbing the judgment of the district court. It is, therefore, AFFIRMED.